99470

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

SARAH AERNI, INDIVIDUALLY AND AS
ADMINISTRATRIX FOR THE ESTATE
OF RAYMOND RUSSELL, DECEASED
428 Bradley Road
Bay Village, Ohio 44140,
                Plaintiff,                         **COMPLAINT**

vs.                                           (Affidavits of Merit Attached)

UNITED STATES OF AMERICA
C/O U.S. ATTORNEY GENERAL,
JEFF SESSIONS
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

AND

C/O U.S. ATTORNEY,
NORTHERN DISTRICT OF OHIO,
JUSTIN E. HERDMAN
Office of the United States Attorney
United States Court House
801 West Superior Ave., Suite 400
Cleveland, Ohio 44113-1852

                Defendant.

Now comes the Plaintiff Sarah Aerni, individually and as the duly appointed Administratrix for the Estate of Raymond Russell, by and through counsel, and for her Complaint against Defendant United States of America states as follows:

## I.       **PARTIES AND JURISDICTION**

1.      Plaintiff Sarah Aerni is the duly appointed Administratrix for the Estate of Raymond Russell, deceased, having been appointed by the Probate Court of Cuyahoga County, Case No. 2016EST218784. Plaintiff brings this wrongful death and survivorship action

individually and on behalf of the Estate of Raymond Russell, for the exclusive benefit of the surviving children and next of kin of the decedent, which includes herself.

2.     Defendant United States of America operates the United States Department of Veterans Affairs, which includes the operation of hospitals and medical centers that provide medical care and treatment, including the Louis Stokes Cleveland Veterans Affairs Medical Center, located at 10701 East Boulevard, Cleveland Ohio 44106. At all times relevant, Defendant, by and through the Department of Veterans Affairs and the Louis Stokes Cleveland Veterans Affairs Medical Center, provided health care services, medical care and treatment to Plaintiff's decedent, Raymond Russell.

3.     This is a Federal Tort Claims Act suit brought by Plaintiff against the Defendant United States of America, pursuant to the laws of the United States, including 28 U.S.C. Section 1346(b) and 28 U.S.C. Sections 2671-2680, which provide jurisdiction in this Court for this action.

4.     Plaintiff has fully complied with the requirements of the laws of the United States, including 28 U.S.C. 2675, by filing wrongful death, personal injury/survivorship claims for the exclusive benefit of the surviving children and next of kin of the Estate of Raymond Russell, with the appropriate federal agency, the United States of America, Department of Veterans Affairs. Plaintiff's administrative claims were received by the United States of America, Department of Veterans Affairs on March 29, 2017, see letter attached hereto and incorporated herein as Exhibit "1".

5.     Plaintiff is entitled to file this suit against the Defendant pursuant to 28 U.S.C. 2675 and 28 U.S.C. 2401. Defendant had until September 29, 2017, six months from receipt of the March 29, 2017 claim submission, to consider Plaintiff's claims, but failed to take any

dispositive action within that time period relative to Plaintiff's claims. Plaintiff timely brings this action within the six months of the September 29, 2017 deadline.

6.      Plaintiff had a board certified medical oncologist, with training and experience in the management of advanced bladder cancer, review this case. The medical oncologist opines that the care and treatment provided by the Defendant, by and through the medical oncologist and nursing staff responsible for administering chemotherapy at the VA Medical Center, was beneath reasonable and accepted standards of care, and caused life-threatening and fatal complications, including injuries, sepsis and the death of Raymond Russell. (An Affidavit of Merit from this expert witness is attached hereto and incorporated herein as Exhibit "2")

7.      Plaintiff had a Board Certified Clinical Nurse Specialist in Adult Health review this case and she states that the care and treatment provided by Defendant, by and through the nursing staff responsible for administering chemotherapy at the VA Medical Center, was beneath reasonable and accepted standards of nursing care and caused life-threatening and fatal complications, including injuries, sepsis and the death of Raymond Russell. (An Affidavit of Merit from this expert witness is attached hereto and incorporated herein as Exhibit "3")

8.      Defendant's Veterans Affairs Medical Center ("VA Medical Center") is and as at all times relevant, a hospital, medical center or business entity organized under federal and state law, which held itself out to the public, including Plaintiff's decedent Raymond Russell, as competent and qualified to provide safe and adequate medical care and treatment.

9.      On or about March 25, 2016, Plaintiff's decedent, Raymond Russell, was under the active care and treatment of the Defendant United States of America at the VA Medical Center located at 10701 East Blvd. Cleveland, Ohio 44106, by and through its physicians, nurses and other health care providers. While under the Defendant's care, treatment and/or services,

Defendant failed to act as a reasonably prudent health care provider under the same or similar circumstances, which ultimately resulted in injuries, life-threatening complications, pain and suffering, damages and the ultimate death of Plaintiff's decedent, Raymond Russell.

10.     Specifically, Defendant United States of America, by and through its employees and/or agents, including its medical oncologist and nursing staff responsible for administering chemotherapy at the VA Medical Center, was beneath reasonable and accepted standards of care. Defendant, by and through its providers, should have recognized  Raymond Russell's critical lab values on March 25, 2016 and withheld chemotherapy treatment that day.  Further, a daily complete blood count should have been ordered, beginning on March 26, 2016, until the extent of damage caused by the prior treatments could be ascertained. Additionally, the providers should have planned close follow-up monitoring of the decedent, Raymond Russell, within 48-72 hours. As a direct result of Defendant's failure to recognize the severity of his condition, which included significant thrombocytopenia and neutropenia, Raymond Russell was instead administered more chemotherapy, which caused life-threatening and eventually fatal complications, resulting in his April 2, 2016 death. With appropriate and reasonable medical care, the injury, sepsis and death to Raymond Russell would have been avoided.

## COUNT 1

11.     Plaintiff realleges and reavers the preceding statements and allegations set forth at Paragraphs 1-10 above as if fully rewritten herein.

12.     Plaintiff, individually and as the duly appointed Administratrix of the Estate of Raymond Russell, brings this wrongful death action for the exclusive benefit of the surviving children and next of kin of the decedent, Raymond Russell.

13.     Plaintiff's decedent received medical care and treatment from Defendant, including chemotherapy treatment, prescribed and administered by Defendant, by and through its employees and agents, at the VA Medical Center.

14.     On March 25, 2016, the Defendant was negligent in providing medical care and treatment to the decedent Raymond Russell, including but not limited to its failure to recognize critical lab values and withhold chemotherapy treatment; failure to order a daily complete blood count beginning on March 26, 2016; failure to monitor Raymond Russell and plan a follow-up appointment within 48-72 hours;  and failure to recognize the severity of Raymond Russell's overall condition prior to administering chemotherapy. Defendant breached the accepted and reasonable standards of care in the treatment of Raymond Russell.

15.     As a direct and proximate result of the negligence of the Defendant, Plaintiff's decedent, Raymond Russell, suffered life-threatening complications and injuries that ultimately led to his death on April 2, 2016.

16.     As a further direct and proximate result of the Defendant's negligence resulting in the death of the decedent Raymond Russell, the surviving children and next of kin of Raymond Russell, suffered a loss of services of the decedent as well as a loss of the society of the decedent, including but not limited to loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, and instruction.

17.     As a further direct and proximate result of the Defendant's negligence, the decedent Raymond Russell's surviving children and next of kin have suffered great mental anguish.

18.     As further direct and proximate result of the Defendant's negligence, funeral and burial expenses for the decedent Raymond Russell were also incurred.

## COUNT II

19.     Plaintiff realleges and reavers the preceding statements and allegations set forth at Paragraphs 1-18 above as if fully rewritten herein.

20.     As a direct and proximate result of the Defendant's negligence, the decedent Raymond Russell incurred medical expenses; experienced conscious pain and suffering; suffered mental anguish; suffered a loss of ability to perform usual activities; and suffered other losses and damages from the time of the medical negligence on March 25, 2016 until the time of his death on April 2, 2016.

WHEREFORE, Plaintiff Sarah Aerni, individually and as the Administratrix of the Estate of Raymond Russell, deceased, demands judgment against Defendant in the amount of $800,000.00 (Eight-Hundred Thousand Dollars), together with interest, reasonable attorney fees, the costs of this action and any other relief to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Warren S. George*
Warren S. George (#0042068)
KEIS | GEORGE llp
55 Public Square - Suite 800
Cleveland, Ohio 44113
(216) 241-4100/Fax (216) 771-3111
Email: *wgeorge@keisgeorge.com*
***Attorney for Plaintiff***